UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN JOHNSON,<br><br>      Plaintiff,<br><br>    v.<br><br>PICK 6 TAHOE LLC,<br><br>      Defendant. | No.  2:19-cv-2186 DB<br><br><br>ORDER |

The parties have consented to Magistrate Judge jurisdiction over this action pursuant to 28 U.S.C. § 636(c)(1).  (ECF No. 20.)  On January 18, 2022, plaintiff filed a motion for summary judgment and request to amend the scheduling order.  (ECF No. 23.)  After defendant failed to file a timely opposition or statement of non-opposition, in violation of Local Rule 230(c), the Court issued defendant an order to show cause.  (ECF No. 26.)  The order directed defense counsel to address why defense counsel should not be personally sanctioned for their conduct.  (Id. at 2.)  The order also continued the hearing of plaintiff's motion to March 25, 2022.[1]  (Id.)

On February 22, 2022, defense counsel Morgan Mack filed a declaration as a response to the order to show case.  (ECF No. 26.)  Review of that declaration finds that defense counsel should be sanctioned.  In this regard, the declaration is primarily concerned with the difficulties

---

[1] Review of the parties' briefing finds this matter suitable for resolution without hearing pursuant to Local Rule 230(g).

1

1   defense counsel had in obtaining the cooperation of the defendant—difficulties which defense
2   counsel states date back as far as January of 2020. (Mack Decl. (ECF No. 27) at 2.) A single
3   sentence of the declaration, however, identifies the origin of defense counsel's sanctionable
4   conduct. In this regard, defense counsel states, "I was counsel for defendant in this matter." (Id.
5   at 1.) That statement is false. Defense counsel is counsel for defendant in this matter.

6   Moreover, defense counsel's declaration asserts that defense counsel and the defendant
7   agreed in October of 2021 that defendant would secure new representation and that defense
8   counsel stated "Lazear Mack would no longer represent defendant in this matter." (Id. at 3.) That
9   assertion is also false.

10   "An attorney may not withdraw as counsel except by leave of court." Darby v. City of
11   Torrance, 810 F. Supp. 275, 276 (C.D. Cal. 1992). Pursuant to Local Rule 182(d) "an attorney
12   who has appeared may not withdraw leaving the client in propria persona without leave of court
13   upon noticed motion and notice to the client and all other parties who have appeared." Most
14   importantly here, "[t]he authority and duty of the attorney of record shall continue until relieved
15   by order of the Court[.]"

16   Local Rule 182(d) also states that "[w]ithdrawal as attorney is governed by the Rules of
17   Professional Conduct of the State Bar of California, and the attorney shall conform to the
18   requirements of those Rules." The Rules of Professional Conduct demand that counsel may "not
19   terminate a representation until the lawyer has taken reasonable steps to avoid reasonably
20   foreseeable prejudice to the rights of the client[.]" Cal. R. Prof'l Conduct 1.16(d). And the
21   ultimate decision as to whether to permit withdrawal is within the sound discretion of the trial
22   court. United States v. Carter, 560 F.3d 1107, 1113 (9th Cir. 2009).

23   Here, even after the Court identified counsel's deficient conduct defense counsel has not
24   complied with the Local Rules and the Rules of Professional Conduct by seeking leave to
25   withdraw. Counsel's conduct has caused unnecessary delay for the plaintiff and the Court, and
26   raised concerns about the adequacy of defendant's representation. Moreover, it cannot be
27   disputed that defense counsel violated the Local Rules.
28   ////

As stated in the order to show cause, the failure of a party to comply with the Local Rules or any order of the court "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Local Rule 110. Failure to comply with applicable rules and law may be grounds for dismissal or any other sanction appropriate under the Local Rules. Local Rule 183(a). "[A] court's inherent power allows it to impose monetary sanctions against a litigant (or its counsel) for misconduct." International Technologies Marketing, Inc. v. Verint Systems, Ltd., 991 F.3d 361, 367 (2nd Cir. 2021). Based on the misconduct recounted above, defense counsel will be personally sanctioned in the amount of $500.

With respect to plaintiff's motion for summary judgment and to amend the scheduling order, those matters cannot be resolved until the issue of defendant's representation has been resolved. The motion, therefore, will be denied without prejudice to renewal upon the resolution of defendant's representation.

Accordingly, IT IS HEREBY ORDERED that:

1. The March 25, 2022 hearing of plaintiff's motion to amend and for summary judgment is vacated;

2. Attorney Morgan Mack shall pay sanctions in the amount of $500. This sanction shall be paid by attorney Mack solely and not by the defendant. Counsel shall send a check payable to the Clerk of Court for the Eastern District of California within fourteen days of the date of this order;

3. Within twenty-one days of the date of this order attorney Mack shall file either a motion seeking leave to withdraw as counsel that complies with the Local Rules, the Rules of Professional Conduct, and the Federal Rules of Civil Procedure or a statement of preparedness to proceed; and

////
////
////
////

4. Plaintiff's January 18, 2022 motion to amend and for summary judgment (ECF No. 23) is denied without prejudice to renewal.

DATED: March 22, 2022  /s/ DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.consent\johnson2186.sanc.ord