UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN JOHNSON, | No. 2:19-cv-2186 DB |
| Plaintiff, | |
| v. | ORDER |
| PICK 6 TAHOE LLC, | |
| Defendant. | |

The parties have consented to Magistrate Judge jurisdiction over this action pursuant to 28 U.S.C. § 636(c)(1). (ECF No. 20.) On April 15, 2021, the Court granted the parties' stipulation to continue various deadlines in this action. (ECF No. 21.) After all those deadlines ran plaintiff filed a motion to amend the scheduling order seeking to reopen the period to file a dispositive motion along with a motion for summary judgment. (ECF No. 23.) Defendant failed to file a timely response in violation of the Local Rules and the Court issued an order to show cause. (ECF No. 26.)

On February 22, 2022, defense counsel Morgan Mack filed a declaration in response to the order to show cause. (ECF No. 26.) Therein, defense counsel recounted at length the lack of communication between defendant and defense counsel, resulting in defense counsel erroneously asserting that counsel no longer represented the defendant. (Id. at 1-3.) In an order issued on March 22, 2022, the Court sanctioned defense counsel for their misconduct, advised the parties

that the Court was concerned "about the adequacy of defendant's representation," and denied plaintiff's motion to amend without prejudice to renewal "upon resolution of defendant's representation." (ECF No. 31 at 3.)

The following day counsel for plaintiff and defendant filed a proposed stipulation to reopen discovery and to reopen the period to file dispositive motions, essentially granting plaintiff's request which was denied the previous day. (ECF No. 32 at 3.) Therein, defense counsel states an intention "to file a motion or other papers requesting to withdraw from representing Defendant, or otherwise address their relationship with Defendant[.]" (Id. at 2.) The stipulation explicitly acknowledges that the parties had received the Court's March 22, 2022 order prior to filing the stipulation. (Id. at 3.)

The Court finds the parties' stipulation disconcerting to say the least. The stipulation seems to reflect that the parties may not appreciate the seriousness of the Court's March 22, 2022 order and the concerns expressed therein. The Court, therefore, will be more explicit. The Court is very concerned about defense counsel's conduct as it relates to the adequacy of defendant's representation in this action. It appears that for some time defense counsel has been operating under the erroneous belief that they did not have a duty to represent the defendant in this action. During that period the time for conducting vital discovery and filing dispositive motions lapsed.

Now defense counsel has entered into a stipulation agreeing to reopen both plaintiff's ability to conduct discovery and to file dispositive motions, while also expressing an intention to, finally, move to withdraw as defense counsel. That would potentially leave defendant pro se to deal with the discovery and/or dispositive motion related matters plaintiff intends to pursue after defense counsel has withdrawn from this action.

It may be that defense counsel received the Court's March 22, 2022 order and fully and thoroughly discussed it with the defendant. And fully and thoroughly discussed the March 23, 2022 stipulation. And that after a thorough and reasoned discussion defense counsel and the defendant agreed—for some reason—that entering into this stipulation was in defendant's best interest prior to defense counsel signing off on the March 23, 2022 stipulation. The stipulation, however, does not reflect that.

Regardless, the parties are advised that UNDER NO CIRCUMSTANCES does the Court intend to address the issue of reopening the schedule until the issue of defendant's representation is resolved.  Moreover, defense counsel is advised that the Court intends to ensure that counsel has taken all "reasonable steps to avoid reasonably foreseeable prejudice to the rights of the" defendant in evaluating any motion to withdraw and will closely examine such a motion.  Cal. R. Prof'l Conduct 1.16(d).

Accordingly, IT IS HEREBY ORDERED that:

1. The parties' March 23, 2022 stipulation (ECF No. 32) is denied; and

2. Within fourteen days of the date of this order defense counsel shall serve a copy of this order on the defendant and file proof of that service.

Dated:  March 25, 2022

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.consent\johnson2186.stip.den.ord