UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN JOHNSON, | No. 2:19-cv-2186 DB |
| Plaintiff, | |
| v. | ORDER |
| PICK 6 TAHOE LLC, | |
| Defendant. | |

The parties have consented to Magistrate Judge jurisdiction over this action pursuant to 28 U.S.C. § 636(c)(1).  (ECF No. 20.)  Pending before the Court is the parties' May 13, 2022 stipulation for approval of settlement.  (ECF No. 39.)  For the reasons stated below, the parties' stipulation is granted.

**BACKGROUND**

Plaintiff Kevin Johnson commenced this action through counsel on October 29, 2019, by filing a complaint and paying the required filing fee.[1]  (ECF No. 1.)   The complaint alleges generally that while plaintiff was employed by defendant Pick 6 Tahoe LLC the defendant violated provisions of the Fair Labor Standards Act, ("FLSA"), 29 U.S.C. § 201., *et. seq.*, by

---

[1] Although the complaint asserts that it is also brought "on behalf of similarly situated employees," no other plaintiffs have joined in this action.

1

failing to pay proper wages. (Compl. (ECF No. 1) at 2-10.[2]) On May 13, 2022, the parties filed a proposed stipulated settlement. (ECF No. 39.) The proposed settlement provides, generally, that defendant will pay plaintiff 36 monthly installments for a total payment of $6,000 and provide plaintiff a neutral reference. (Stip. Set. (ECF No. 39) at 5.) Moreover, if defendant defaults on these payments defendant will be liable to plaintiff for enhancements resulting in a total to be paid of $16,976.06. (Id.)

**STANDARDS**

"The FLSA establishes federal minimum-wage, maximum-hour, and overtime guarantees that cannot be modified by contract." Genesis Healthcare Corp. v. Symczyk, 569 U.S. 66, 69 (2013). "FLSA rights cannot be abridged by contract or otherwise waived because this would 'nullify the purposes' of the statute and thwart the legislative policies it was designed to effectuate." Barrentine v. Arkansas-Best Freight System, Inc., 450 U.S. 728, 740 (1981) (quoiting Brooklyn Savings Bank v. O'Neil, 324 U.S. 697, 707 (1945)). Accordingly, "[a]n employee's claims under the FLSA is non-waivable, and thus may not be settled without supervision of either the Secretary of Labor or a district court." Yue Zhou v. Wang's Restaurant, No. C 05-0279 PVT, 2007 WL 2298046, at *1 (N.D. Cal. Aug. 8, 2007).

"[I]n this circuit, district courts have normally applied a widely-used standard adopted by the Eleventh Circuit, looking to whether the settlement is a fair and reasonable resolution of a bona fide dispute." Beidleman v. City of Modesto, No. 1:16-cv-1100 DAD SKO, 2018 WL 1305713, at *2 (E.D. Cal. Mar. 13, 2018). Specifically, "[c]ourts often apply the Rule 23 factors [applicable in class actions] in evaluating the fairness of an FLSA settlement, while recognizing that some do not apply 'because of the inherent differences between class actions and FLSA actions.'" Khanna v. Inter-Con Security Systems, Inc., No. CIV S-2214 KJM GGH, 2013 WL 1193485, at *2 (E.D. Cal. Mar. 22, 2013) (quoting Almodova v. City and County of Honolulu, Civil No. 07-00378 DAE-LEK, 2010 WL 1372298, at *4 (D. Haw. Mar. 31, 2010)). However, in order to give "due weight to the policy purposes behind the FLSA . . . . many courts have adopted

---

[2] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

a totality of circumstances approach that emphasizes the context of the case and the unique importance of the substantive labor rights involved." Selk v. Pioneers Memorial Healthcare District, 159 F.Supp.3d 1164, 1173 (S.D. Cal. 2016). Under this approach the court considers:

> (1) the plaintiff's range of possible recovery; (2) the stage of proceedings and amount of discovery completed; (3) the seriousness of the litigation risks faced by the parties; (4) the scope of any release provision in the settlement agreement; (5) the experience and views of counsel and the opinion of participating plaintiffs; and (6) the possibility of fraud or collusion.

Id.

## ANALYSIS

### I. Bona Fide Dispute

"A bona fide dispute exists when there are legitimate questions about 'the existence and extent of Defendant's FLSA liability.'" Id. (quoting Ambrosino v. Home Depot. U.S.A., Inc., No. 11cv1319 L(MDD), 2014 WL 1671489 (S.D. Cal. Apr. 28, 2014)). Here, the parties have bona fide disputes regarding whether plaintiff engaged in "off-the-clock work," as well as "the number of incidents in which [plaintiff's] paychecks bounced[.]" (Prop. Set. (ECF No. 39) at 7.) While defendant admits that "at most only one paycheck bounced," (id.), the parties nonetheless have a dispute as to "the extent of defendant's FLSA liability," which satisfies the bona fide dispute requirement. Biedleman, 2018 WL 1305713 at *3.

### II. Fair and Reasonable

"After a district court is satisfied that a bona fide dispute exists, it must then determine whether the settlement is fair and reasonable." Selk, 159 F.Supp.3d at 1172. Having consider the factors noted above, and as explained below, the court finds the parties' proposed settlement is fair and reasonable.

#### A. Plaintiff's Range of Possible Recovery

According to the parties' briefing plaintiff's total recovery for all alleged violations of the FLSA would amount to $6,228. (Stip. Set. (ECF No. 39) at 7.) However, if defendant's assertion that "at most only one paycheck bounced," were found to be true plaintiff's FLSA related damages would amount to only $2,388. (Id.) Under the terms of the proposed settlement plaintiff

will receive $6,000—paid in 36 monthly installments—unless defendant defaults on those payments in which case the total to be paid would be $16,976,06.[3] (Id. at 5.) Under these circumstances, the court finds this factor weighs in favor of finding the proposed settlement to be fair and reasonable. See Glass v. UBS Fin. Serv., Inc., No. C-06-4068, 2007 WL 221862, at *4 (N.D. Cal. Jan. 26, 2007) (finding settlement in the range of 25 to 35% of claimed damages appropriate).

### B. Stage of the Proceedings

"A settlement that occurs in an advanced stage of the proceedings indicates the parties carefully investigated the claims before reaching a resolution." Ontiveros v. Zamora, 303 F.R.D. 356, 371 (E.D. Cal. 2014). Here, the time for discovery and dispositive motions have passed. All that would remain in this action is trial. Accordingly, the court finds this factor weighs in favor of the finding the proposed settlement to be fair and reasonable.

### C. Seriousness of the Litigation Risk

"[I]t is the very uncertainty of outcome in litigation and avoidance of wasteful and expensive litigation that induce consensual settlements." Officers for Justice v. Civil Service Com'n of City and Cnty. of San Francisco, 688 F.2d 615, 625 (9th Cir. 1982). There is no "particular formula by which that outcome must be tested" as the "determination is 'nothing more than an amalgam of delicate balancing, gross approximations and rough justice.'" Rodriguez v. West Publishing Corp., 563 F.3d 948, 965 (9th Cir. 2009) (quoting Officers for Justice, 688 F.2d at 625)).

Here, as noted above, defendant contests many of the alleged FLSA violations. If that defense were successful plaintiff would receive a significantly reduced award in comparison to the proposed settlement. Even if the defense were entire unsuccessful plaintiff would be forced to endure the risk and costs of trial. Instead, under the terms of the settlement plaintiff will essentially be compensated for all alleged FLSA violations. Under these circumstances the Court finds this factor weighs in favor of finding the proposed settlement to be fair and reasonable.

---

[3] $16,976.06 represents the total damages plaintiff alleges entitlement to, including attorney's fees and costs. (Stip. Set. (ECF No. 39) at 3.)

4

### D. Scope of Release

Courts are "not inclined to approve a settlement of FLSA claims that includes a broad release provision purporting to release claims unrelated to [the] litigation, absent a particularized showing that such a broad release is . . . 'fair and reasonable.'" Luo v. Zynga Inc., Case No. 13-cv-0186 NC, 2014 WL 457742, at *3 (N.D. Cal. Jan. 31, 2014). In this regard, courts will not generally approve a release provision that "does not appropriately track the extent and breadth of Plaintiffs' allegations in [the] case and releases unrelated claims of any kind or nature that class members may have against defendants." Bond. v. Ferguson Enterprises, Inc., No. 1:09-cv-1662 OWW MJS, 2011 WL 284962, at *7 (E.D. Cal. Jan. 25, 2011). Here, the proposed settlement simply releases defendant from "liability other than to pay as agreed," and only with respect to plaintiff.[4] Under these circumstances, the Court finds this factor does not weigh against finding the proposed settlement to be fair and reasonable.

### E. Experience and Views of Counsel

"The opinions of counsel should be given considerable weight both because of counsel's familiarity with this litigation and previous experience with cases." Larsen v. Trader Joe's Company, Case No. 11-cv-5188 WHO, 2014 WL 3404531, at *5 (N.D. Cal. July 11, 2014). The Court finds this factor weighs in favor of finding the proposed settlement to be fair and reasonable.

### F. Possibility of Fraud or Collusion

"When sufficient discovery has been provided and the parties have bargained at arms-length, there is a presumption in favor of the settlement." City Partnership Co. v. Atlantic Acquisition Ltd. Partnership, 100 F.3d 1041, 1043 (1st Cir. 1996). Here, the Court finds no evidence that plaintiff's counsel "allowed pursuit of their own self-interests and that of certain class members to infect the negotiation." In re Bluetooth Headset Prod. Liab. Litig., 654 F.3d 935, 947 (9th Cir. 2011). Accordingly, the Court finds this factor also weighs in favor of the finding the proposed settlement to be fair and reasonable.

////

---

[4] As noted above this action is proceeding only as to the claims brought by plaintiff.

## CONCLUSION

Upon consideration of the relative factors, the Court finds that the parties' proposed settlement is a fair and reasonable resolution of the parties' bona fide disputes. Accordingly, for the reasons stated above, IT IS HEREBY ORDERED that:

1. The parties' May 13, 2022 proposed stipulated settlement (ECF No. 39) is granted;
2. The Court will retain jurisdiction over this action to enforce the terms of the settlement;
3. This matter is dismissed with prejudice; and
4. This action is closed.

Dated: June 22, 2022

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.consent\johnson2186.stip.flsa.ord