UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEVIN JOHNSON,

  Plaintiff,

  v.

PICK 6 TAHOE LLC,

  Defendant.

No. 2:19-cv-2186 DB

ORDER

This matter came before the undersigned on March 10, 2023, for hearing of plaintiff's motion for entry of judgment and defense counsel's motion to withdraw.[1]  (ECF Nos. 43 & 46.) Attorney Joshua Watson appeared via Zoom on behalf of plaintiff.  Attorney Morgan Mack appeared via Zoom on behalf of defendant.  For the reasons stated below, and at the March 10, 2023 hearing, plaintiff's motion for entry of judgment is submitted and defense counsel's motion to withdraw is denied without prejudice to renewal.

In this regard, defense counsel has repeatedly been sanctioned for their repeated failures to follow the Local Rules and the orders of this Court.  See ECF Nos. 31 & 35.  They have stated that they no longer represented the defendant or intended to withdraw, despite repeatedly failing to move to withdraw, even when given the explicit opportunity to do so.  See ECF Nos. 27, 31,

---

[1] The parties have consented to Magistrate Judge jurisdiction over this action pursuant to 28 U.S.C. § 636(c)(1).  (ECF No. 20.).

1

32. They have repeatedly asserted a lack of communication with their client while filing stipulations and statements of non-opposition. See ECF Nos. 27, 32, 39, 44, 46.

Defense counsel finally filed a motion to withdraw, over a year after counsel made statements implying that they had ceased representing the defendant. See ECF Nos. 23, 27, 46. That motion—which consists of essentially just a California Judicial Council Form, two declarations, and some exhibits—fails to contain an affidavit from counsel "stating the current and last known address or addresses of the client and the efforts made to notify the client of the motion to withdraw" as required by Local Rule 182. In this regard, defense counsel has yet again violated the Local Rules.

Moreover, the motion to withdraw is supported by a declaration from a paralegal that is shockingly similar to the declaration submitted by defense counsel. See ECF No. 46-1 & ECF No. 46-2. Those declarations also appear to blame the Court for defense counsel's failure to previously move to withdraw, despite the fact that the Court explicitly granted defense counsel the opportunity to withdraw. See ECF No. 31. And the exhibits provided in support of the motion reflect that defense counsel's firm represented to their client that the firm was sanctioned for the defendant's misconduct, which is a blatant falsehood. See ECF No. 46-2. The Court's orders made it explicitly clear that the sanctionable conduct was the result of the poor conduct of defense counsel. See ECF Nos. 31 & 35. Defendant's conduct was not the cause of defense counsel's sanctions.

Accordingly, defense counsel's motion to withdraw will be denied without prejudice to renewal. Because of the unnecessary delay caused by defense counsel's conduct defense counsel shall file a renewed motion to withdraw within twenty-eight days. That motion should be thorough, complete, and well supported. And it should be indisputable that the defendant has knowledge of the motion and has been given an opportunity to be heard.

Moreover, given counsel's conduct in this action, the motion should also include a specific timeline of counsel's contact with the defendant, as opposed to vague and conclusory generalization about difficulties with communication. And the motion to withdraw should also address why defense counsel should not be subject to further sanctions, not only including further

monetary sanctions but possibly the revocation of admittance to the Eastern District. See Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991) ("a federal court has the power to control admission to its bar and to discipline attorneys who appear before it"). Defense counsel is also advised that, given their conduct, the Court is unlikely to grant a motion to withdraw without being satisfied that the defendant has not been prejudiced by defense counsel's conduct.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for entry of judgment (ECF No. 43) is submitted[2];

2. Defense counsel's motion to withdraw (ECF No. 46) is denied without prejudice;

3. Within twenty-eight days from the date of this order defense counsel shall file a renewed motion to withdraw that complies with the Local Rules, the Federal Rules of Civil Procedure, the Rules of Professional Conduct, and the prior orders of this Court;

4. Within fourteen days of the date of this order attorney Mack shall serve a copy of this order on the defendant and file proof of that service.

Dated: March 13, 2023

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.consent\johnson2186.mot.withdraw.den.ord

---

[2] At the March 10, 2023 hearing plaintiff's counsel expressed an understandable interest in having plaintiff's motion decided timely. While the Court shares that desire, the actions of defense counsel have necessitated delay as the Court cannot proceed on resolving plaintiff's motion without ensuring defendant has not been prejudiced.