1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   KEVIN JOHNSON,                          No.  2:19-cv-2186 DB

12                 Plaintiff,

13        v.                                 ORDER

14   PICK 6 TAHOE LLC,

15                 Defendant.

16

17        The parties have consented to Magistrate Judge jurisdiction over this action pursuant to 28

18   U.S.C. § 636(c)(1).  (ECF No. 20.)  Pending before the court are plaintiff's amended motion for

19   judgment and defense counsel's motion to withdraw.  (ECF Nos. 43 & 54.)  For the reasons

20   explained below, both motions will be granted.

21                                  **BACKGROUND**

22        Plaintiff Kevin Johnson commenced this action through counsel on October 29, 2019, by

23   filing a complaint and paying the required filing fee.  (ECF No. 1.)  The complaint alleges

24   generally that while plaintiff was employed by defendant Pick 6 Tahoe LLC the defendant

25   violated provisions of the Fair Labor Standards Act, ("FLSA"), 29 U.S.C. § 201., *et. seq.*, by

26   failing to pay proper wages.  (Compl. (ECF No. 1) at 2-10.[1])  On May 13, 2022, the parties filed a

27   _____

28   [1] Page number citations such as this one are to the page number reflected on the court's CM/ECF
     system and not to page numbers assigned by the parties.

1

1   proposed stipulated settlement.  (ECF No. 39.)  The proposed settlement provided that the

2   defendant would pay plaintiff 36 monthly installments totaling $6,000 and provide plaintiff a

3   neutral reference.  (Stip. Prop. Set. (ECF No. 39) at 5.)

4          The proposed settlement also included an enhancement provision in the event of

5   defendant's failure to pay.  Specifically, the parties' agreed that if the defendant filed for

6   bankruptcy or fell 3 months behind on the monthly payments the defendant stipulated to entry of

7   judgment against defendant in the amount of $16,976.06, plus attorney's fees and costs.  (Id. at 5;

8   ECF No. 39-1 at 4.)  The proposed settlement was signed by plaintiff and Matt DeLima as agent

9   for defendant Pick 6 Tahoe LLC.  (ECF No. 39-1 at 8.)  On June 23, 2022, the court entered the

10  parties' stipulated settlement and this case was closed.  (ECF No. 40.)

11         On October 4, 2022, plaintiff filed a motion seeking to enforce the enhanced judgment

12  provision of the settlement.  Plaintiff, however, failed to comply with Local Rule 230(b).

13  Accordingly, plaintiff filed an amended motion for judgment on November 7, 2022.  (ECF No.

14  43.)  Defendant filed a statement of non-opposition on December 6, 2022.  (ECF No. 44.)  The

15  motion came for hearing before the court on March 10, 2023.  (ECF No. 51.)  Attorney Joshua

16  Watson appeared via Zoom on behalf of the plaintiff.  Attorney Morgan Mack appeared via Zoom

17  on behalf of the defendant.  Plaintiff's motion was taken under submission.

18         On April 10, 2023, defense counsel filed a motion to withdraw.  (ECF No. 54.)  Plaintiff

19  filed a statement of non-opposition on May 12, 2023.  (ECF No. 61.)  The motion came for

20  hearing before the court on May 19, 2023.  (ECF No. 63.)  Attorney Joshua Watson appeared via

21  Zoom on behalf of the plaintiff.  Defense counsel Morgan Mack appeared via Zoom.  There was

22  no appearance by Matt DeLima.  Defense counsel's motion was taken under submission.

23                                        **ANALYSIS**

24  **I.      Plaintiff's Motion for Judgment**

25         As noted above, the parties' stipulated settlement agreement provides that if the defendant

26  fell "3 months behind" on monthly payments defendant stipulated to entry of judgment against

27  defendant for $16,976.06, plus attorney's fees and costs.  (Prop. Stip. Set. (ECF No. 39) at 5; 39-1

28  at 3-4.)  The proposed settlement agreement is signed by Matt DeLima as agent for the defendant.

1   (ECF No. 39-1 at 15.)  The court entered the parties' proposed stipulated settlement on June 23,

2   2022.  (ECF No. 40.)

3        Plaintiff's amended motion for entry of judgment alleges that the defendant "has made no

4   payments since the settlement was approved," thereby triggering the enhancement provision.

5   (Pl.'s Mot. (ECF No. 43-1) at 2.)  Plaintiff's motion seeks the $16,976.06 enhancement, plus

6   $337.50 in fees/costs, and $450 for attorney time attending the March 10, 2023 hearing.[2]  (Id. at

7   2.)  Defendant has filed a statement of non-opposition to plaintiff's motion, stating that the

8   defendant "was unable to comply with the terms of the settlement agreement . . .  due to lack of

9   funds to pay Plaintiff."  (ECF No. 44 at 1.)

10       Given that the parties stipulated to the enhanced judgement provision and the defendant's

11  non-opposition, the court will grant plaintiff's motion.

12  **II.     Defense Counsel's Motion to Withdraw**

13       In support of the motion to withdraw, attorney Morgan Mack submitted a declaration.

14  Therein, Mack declares that "[a]t no time during this litigation did this office 'drop his case' or

15  fail to make all requisite efforts on his behalf" to mount "a vigorous defense" on behalf of the

16  defendant.  (Mack. Decl. (ECF No. 56) at 4.)  The record, however, belies counsel's assertion and

17  counsel's conduct has, in fact, been quite poor.

18       Counsel failed to timely submit a required settlement conference statement, failed to file a

19  timely statement of opposition or non-opposition to a motion for summary judgment, repeatedly

20  failed to comply with the Local Rules and with orders of this court resulting in multiple sanctions.

21  (ECF Nos. 22, 26, 31 & 35.)  Counsel's firm then represented to their client that the sanctions

22  were the result of the defendant's conduct when they were, in fact, entirely due to the failings of

23  defense counsel.  (ECF No. 46-2 at 5-6.)  Counsel also filed a declaration reflecting that counsel

24  no longer represented the defendant, despite having never sought leave to withdraw.  (ECF No.

25  27 at 1, 3.)  Counsel also attempted to enter into a questionable stipulation to amend the schedule

26  ////

27

28  _____

[2] Thus, plaintiff is seeking a total award of $17,763.56.

1    in this action.  (ECF Nos. 32 & 33.)  Nonetheless, defense counsel's poor conduct is not the

2    standard by which to evaluate a motion to withdraw.[3]

3         In that regard, Local Rule 182(d) states:

> Unless otherwise provided herein, an attorney who has appeared may
> not withdraw leaving the client in propria persona without leave of
> court upon noticed motion and notice to the client and all other
> parties who have appeared.  The attorney shall provide an affidavit
> stating the current or last known address or addresses of the client
> and the efforts made to notify the client of the motion to withdraw.
> Withdrawal as attorney is governed by the Rules of Professional
> Conduct of the State Bar of California, and the attorney shall
> conform to the requirements of those Rules.  The authority and duty
> of the attorney of record shall continue until relieved by order of the
> Court issued hereunder.  Leave to withdraw may be granted subject
> to such appropriate conditions as the Court deems fit.

11   The Rules of Professional Conduct allow for an attorney to seek to withdraw if the client

12   "breaches a material term of an agreement" or "renders it unreasonably difficult for the lawyer to

13   carry out the representation effectively."  Rule 1.16(b)(4), (b)(5).  Counsel may not terminate the

14   representation without taking "reasonable steps to avoid reasonably foreseeable prejudice to the

15   rights of the client, such as giving the client sufficient notice to permit the client to retain other

16   counsel[.]"  Rule 1.16(d).

17        It is within the court's discretion to grant or deny a motion to withdraw as counsel.  See

18   United States v. Carter, 560 F.3d 1107, 1113 (9th Cir. 2009).  "In ruling on a motion to withdraw,

19   some courts have looked to the following factors: 1) the reasons why withdrawal is sought; 2) the

20   prejudice withdrawal may cause to other litigants; 3) the harm withdrawal might cause to the

21   administration of justice; and 4) the degree to which withdrawal will delay the resolution of the

22   case."  Gibson v. Hagerty Ins. Agency, No. 1:16-cv-0677 BAM, 2018 WL 1382335, at *4 (E.D.

23   Cal. Mar. 19, 2018) (citation omitted).

24        Here, granting withdrawal will not prejudice other litigants, harm the administration of

25   justice, or delay resolution of this case.  In this regard, plaintiff does not oppose defense counsel's

26   motion to withdraw, defendant has not opposed the motion to withdraw, and judgment has

27

28   [3] Defense counsel is cautioned that, should the court become aware of any future incidents of
     similar conduct, the court will consider revoking counsel's admittance to the Eastern District.

4

1  already been entered in this action.  Moreover, defense counsel's motion to withdraw establishes

2  a lack of cooperation between defense counsel and the defendant.  (Def.'s Mot. (ECF No. 55) at

3  1-2.)  Such circumstances justify granting a motion to withdraw.  See, e.g., McClintic v. U.S.

4  Postal Service, No. 1:13-cv-00439, 2014 WL 51151, at *2 (E.D. Cal. Jan. 7, 2014)("The lack of a

5  cooperative relationship between an attorney and her client may, at times, justify the attorney's

6  withdrawal."); U.A. Local 342 Joint Labor-Management Committee v. South City Refrigeration,

7  Inc., No. C-09-3219 JCS, 2010 WL 1293522, at *3 (N.D. Cal. Mar. 31, 2010) (granting motion to

8  withdraw where client "failed to cooperate or communicate effectively with counsel").

9         Finally, defense counsel has provided an affidavit stating the last known address for Matt

10  DeLima, agent for the defendant, and the efforts made to notify the defendant of the motion to

11  withdraw.  (ECF No. 56 at 3.)  In this regard, defense counsel and DeLima discussed defense

12  counsel's intention to file a motion to withdraw, as well as associated hearing dates via email.

13  (Id. at 13-24.)  Defense counsel also attempted personal service of the motion on Matt DeLima.

14  (Id. at 17, 25-30, 34-37.)

15         Defense counsel's motion to withdraw, therefore, will be granted.

16                                    **CONCLUSION**

17         Accordingly, IT IS HEREBY ORDERED that:

18         1.  Plaintiff's November 7, 2022 amended motion for entry of judgment (ECF No. 43) is

19  granted;

20         2.  A judgment is entered against defendant in the amount of $17,763.56;

21         3.  Defense counsel's April 10, 2023 motion to withdraw (ECF No. 54) is granted;

22         4.  Defendant is granted 60 days to retain new counsel;

23         5.  Attorney Morgan Mack shall serve a copy of this order on the defendant and Matt

24  DeLima within 21 days; and

25  ////

26  ////

27  ////

28  ////

1      6.  Within 7 days of serving a copy of this order attorney Mack shall file proof of such

2 service.

3 Dated:  August 24, 2023

4

5

6                         DEBORAH BARNES

                      UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22 DLB:6

    DB\orders\orders.consent\johnson2186.mot.withdraw.ord

23

24

25

26

27

28