UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN JOHNSON, | No. 2:19-cv-2186 DB |
| Plaintiff, | |
| v. | ORDER TO SHOW CAUSE |
| PICK 6 TAHOE LLC, | |
| Defendant. | |

The parties have consented to Magistrate Judge jurisdiction over this action pursuant to 28 U.S.C. § 636(c)(1). (ECF No. 20.) On August 25, 2023, the court granted plaintiff's amended motion for entry of judgment and granted defense counsel's motion to withdraw. (ECF No. 67 at 5.) Therein, the court explained that defense "counsel's conduct" in this action "has . . . been quite poor." (ECF No. 67 at 5.)

In this regard,

> Counsel failed to timely submit a required settlement conference statement, failed to file a timely statement of opposition or non-opposition to a motion for summary judgment, repeatedly failed to comply with the Local Rules and with orders of this court resulting in multiple sanctions. (ECF Nos. 22, 26, 31 & 35.) Counsel's firm then represented to their client that the sanctions were the result of the defendant's conduct when they were, in fact, entirely due to the failings of defense counsel. (ECF No. 46-2 at 5-6.) Counsel also filed a declaration reflecting that counsel no longer represented the

///

defendant, despite having never sought leave to withdraw.  (ECF No. 27 at 1, 3.)  Counsel also attempted to enter into a questionable stipulation to amend the schedule in this action.  (ECF Nos. 32 & 33.) (Id.)  Because of this poor conduct, including repeatedly failing to comply with the court's orders, defense counsel was warned that the court was considering prohibiting counsel from practicing in the Eastern District.  (ECF No. 52 at 3.)

Nonetheless, defense counsel has yet again failed to comply with an order of this court.  In this regard, the court's August 25, 2023 order ordered defense counsel Morgan Mack to serve a copy of that order on the defendant within 21 days; and within 7 days thereafter "file proof of such service."  (ECF No. 67 at 6.)  Over 3 months have passed since that order was issued without attorney Mack responding to the August 25, 2023 order in any respect.

"There is little question but that district courts have the authority to supervise and discipline the conduct of attorneys who appear before them."  In re Kramer, 193 F.3d 1131, 1132 (9th Cir. 1999); see also Erickson v. Newmar Corp., 87 F.3d 298, 300 (9th Cir. 1996) ("The district court has the duty and responsibility of supervising the conduct of attorneys who appear before it.").  And "[c]ourts have long recognized an inherent authority to suspend or disbar lawyers."  In re Snyder, 472 U.S. 634, 643 (1985).  However, due process requirements require the court to first issue the attorney an order to show cause.  In re Kramer, 193 F.3d at 1133.

Accordingly, IT IS HEREBY ORDERED that:

1. Within fourteen days of the date of this order attorney Morgan Mack show cause in writing as to why attorney Morgan Mack should not have the privilege of being an active attorney in this district be revoked; and

2. The Clerk of the Court is ordered to serve a copy of this order on attorney Morgan Mack.

Dated:  November 29, 2023

DLB:6
DB\orders\orders.consent\johnson2186.osc.suspend

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE